IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| DEWAYNE JONES, <br> a/k/a ABDUL HASEEB IBU JONES BEY, <br>     Plaintiff, <br> v. <br> ARTHUR "ART" HEUN, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )   No. 1:24-cv-01104-JDB-tmp <br> ) <br> ) <br> ) |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH
28 U.S.C. § 1915(A)(1)-(2) OR PAY THE ENTIRE $405 CIVIL FILING FEE

On May 7, 2024, the Plaintiff, Dewayne Jones a/k/a Abdul Haseeb Ibu Jones Bey, Tennessee Department of Correction prisoner number 556285, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se complaint pursuant to 28 U.S.C. § 1331.  (Docket Entry 1.)  Plaintiff neglected to either pay the $405 civil filing fee or submit a properly completed application to proceed in forma pauperis ("IFP") and a copy of his inmate trust account statement.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  *Id.* at 604.

---

[1] The civil filing fee is $350.  28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires an additional administrative fee of $55 for filing any civil case.  That additional fee will not apply if leave to proceed IFP is ultimately granted.

However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an IFP affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

Therefore, the Plaintiff is ORDERED to submit, within thirty days after the date of this order, either the entire $405 civil filing fee or a properly completed and executed application to proceed IFP and a certified copy of his inmate trust account statement. The Clerk is DIRECTED to mail Plaintiff a copy of the prisoner IFP affidavit form along with this order. If Plaintiff needs additional time to submit the affidavit, he may, within thirty days after the date of this order, file a motion for extension of time.

If Plaintiff timely submits the necessary documents and the Court finds that he is indeed indigent, the Court will grant leave to proceed IFP and assess only a $350 filing fee in accordance with the installment procedure of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed IFP, assess the entire filing fee of $405 from his inmate trust account without regard to the installment payment procedures, and dismiss the action without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *McGore*, 114 F.3d at 605.[2]

IT IS SO ORDERED this 10th day of May 2024.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).