IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DEWAYNE JONES<br>a/k/a ABDUL HASEEB IBU JONES BEY,<br><br>    Plaintiff,<br>v.<br><br>ARTHUR "ART" HEUN,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  No. 1:24-cv-01104-JDB-tmp<br>)<br>)<br>)<br>) |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND
ASSESSING $350.00 FILING FEE IN ACCORDANCE WITH PLRA

On May 7, 2024, Dewayne Jones a/k/a Abdul Haseeb Ibu Jones Bey, Tennessee Department of Correction prisoner number 556285, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se civil complaint pursuant to 28 U.S.C. § 1331.  (Docket Entry ("D.E.") 1.)  On May 29, 2024, he filed a notice the Court has construed as a motion to proceed in forma pauperis ("IFP") and an inmate trust fund account statement reflecting his balance.  (D.E. 4.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v.*

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350.  However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States."  The Judicial Conference has prescribed an additional administrative fee of $55 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed IFP under § 1915.  As the Court is granting leave to proceed IFP in this case pursuant to the terms of the PLRA, Plaintiff is not liable for the additional $55 fee.

*Harry,* 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a down payment of a partial filing fee and pay the remainder in installments. *Id.* at 604.

In this case, Plaintiff has properly submitted an IFP affidavit and receipt showing his inmate trust account balance as required by § 1915(a)(2). The motion to proceed in forma pauperis is GRANTED in accordance with the terms of the PLRA.

Pursuant to § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust account officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust account officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the trust account officer is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk. On each occasion that funds are subsequently credited to Plaintiff's account, the trust account officer shall immediately withdraw those funds and forward them to the Clerk until the initial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to twenty percent of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since

the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

>  Clerk, United States District Court, Western District of Tennessee
>  167 North Main Street, Room 242, Memphis, Tennessee   38103

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the prison to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

IT IS SO ORDERED this 31st day of July 2024.

>  s/ J. DANIEL BREEN
>  UNITED STATES DISTRICT JUDGE