IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DEWAYNE JONES, <br> a/k/a ABDUL HASEEB IBU JONES BEY, <br><br> Plaintiff, <br><br> v. <br><br> ARTHUR HEUN, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:24-cv-01104-JDB-tmp |

ORDER DISMISSING PRO SE CIVIL COMPLAINT WITHOUT PREJUDICE,
DENYING LEAVE TO AMEND,
CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL,
NOTIFYING PLAINTIFF OF STRIKE RECOMMENDATION,
AND
CLOSING CASE

On May 7, 2024, the Plaintiff, Dewayne Jones, a/k/a Abdul Haseeb Ibu Jones Bey, Tennessee Department of Correction prisoner number 556285, an inmate incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a pro se civil complaint. (Docket Entry ("D.E.") 1.) The Court granted leave to proceed in forma pauperis ("IFP") and assessed the $350 civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (D.E. 6.)

For the reasons that follow, the complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Leave to amend is DENIED.

I.     BACKGROUND

Plaintiff alleges that, on July 25, 2023, he entered into a "written agreement" with the Defendant, Arthur Heun, who is also an inmate at NWCX, "to pay back money" that Plaintiff had

loaned to him. (D.E. 1 at PageID 1-2.) Jones avers that the due date has passed, and Heun has not paid the $650.00 owed him. Plaintiff has made several attempts to contact Defendant regarding the outstanding loan amount, but the latter "is ignoring him." (*Id*. at PageID 2.) Because of Defendant's "breach of law," Plaintiff claims, he has suffered physical and mental stress. (*Id*. at PageID 3.) He seeks monetary damages of $650.00 as well as "unknown" damages for "mental anguish," "permanent disability," and "pain and suffering." (*Id*.)

II. SCREENING THE COMPLAINT

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at n.3 (citing Fed. R. Civ. P. 8(a)(2)).

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'").

III. ANALYSIS

Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction[.]" Jones's pro se complaint contains no jurisdictional allegations.

The Court has attempted to discern whether any basis for federal jurisdiction is apparent on the face of the complaint. Federal courts have subject matter jurisdiction in civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff cites no federal laws or constitutional principles in his complaint and, even if the Court reads his allegations generously, it cannot discern a federal claim.

This Court has diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Plaintiff alleges in his complaint that he and Heun are both inmates at NWCX, but the complaint contains no allegations about the citizenship of either party.

Jones has also failed to sufficiently allege that the amount in controversy exceeds $75,000.00. He seeks "unknown" amounts for "mental anguish," "permanent disability," and "pain and suffering," but has not made any factual allegations that, if proven, would entitle him to such damages. (D.E. 1 at PageID 3.) His request for damages of $650.00—the alleged amount of the unpaid loan—falls far below the statutory requirement. Thus, Plaintiff has failed to allege that there is diversity jurisdiction over this matter.

Because the Court lacks subject matter jurisdiction, Jones's pro se civil complaint is DISMISSED WITHOUT PREJUDICE.

    IV.    AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court DENIES leave to amend. Plaintiff cannot remedy the deficiencies in his complaint.

## V.    NOTICE OF STRIKE RECOMMENDATION

The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting IFP status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).   The Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g).   *See Simons v. Washington*, 996 F.3d 350, 352-54 (6th Cir. 2021).

## VI.    APPELLATE ISSUES

Pursuant to Federal Rule of Appellate Procedure 24(a) and § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Plaintiff would not be taken in good faith.   If Jones nevertheless chooses to file a notice of appeal, he must either:   (1) pay the entire $605.00 appellate filing fee or, if he is confined at that time, (2) submit a new IFP affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with § 1915(a)-(b).

## VII.    CONCLUSION

For the reasons explained above:

   a. Plaintiff's pro se civil complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

   b. Leave to amend is DENIED.

   c. The Court CERTIFIES that an appeal would not be taken in good faith and DENIES leave to proceed IFP on appeal.

   d. This case is DISMISSED in its entirety.

IT IS SO ORDERED this 5th day of January 2026.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE